FILED
CLERK

9/9/2016 9:48 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JOSE PEREZ,

                              Plaintiff,

              -against-

HARBOR FREIGHT TOOLS,
                              Defendant.
-----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
15-cv-05983 (ADS) (SIL)

**APPEARANCES:**

**Leonard Zack & Associates**
*Attorneys for the Plaintiff*
405 Park Avenue, 10th Flr.
New York, NY 10022
              By: Leonard Zack, Esq., Of Counsel

**Lamb & Barnosky LLP**
*Attorneys for the Defendant*
534 Broadhollow Road, Suite 210
Melville, NY 11747
              By: Matthew J. Mehnert, Esq., Of Counsel

**SPATT, District Judge**.

       This cases arises from allegations by the Plaintiff Jose Perez (the "Plaintiff") that his

former employer, the Defendant Harbor Freight Tools (the "Defendant"), discriminated against

him and created a hostile work environment on the basis of his religion in violation of Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

       Presently before the Court is a motion by the Defendant pursuant to Federal Rule of Civil

Procedure ("Rule") 12(b)(6) to dismiss the complaint in its entirety.

       For the reasons that follow, the Court converts the Defendant's motion to dismiss into a

motion for summary judgment and grants the Defendant's converted motion for summary

judgment dismissing the complaint.

1

# I. BACKGROUND

## A. As to the Alleged Facts

The following facts are drawn from the complaint unless otherwise stated.

From at least June 25, 2012 to December 18, 2012, the Plaintiff was a resident of Coram, New York and a practicing member of the Santero religion.  The complaint does not explain what the practice of the Santero religion generally entails.

The Defendant is a California corporation with its principal place of business in California.  It has multiple store locations in New York.

On June 25, 2012, the Defendant hired the Plaintiff as a store manager at one of its stores located in Centerreach, New York.

In September 2012, the Plaintiff alleges that Bernard Mayers ("Mayers"), an employee of the Defendant, made the three remarks to the Plaintiff which he perceived as discriminatory.  On September 10, 2012, Mayers told the Plaintiff that the Santero religion was "bongo gorilla."  On September 19, 2012, the Plaintiff went to work dressed in white in observance of a Santero religious practice, whereupon Mayers commented to the Plaintiff, "You look like a member of the Taliban."  Finally, at an unspecified time in September 2012, the Plaintiff declined to order a drink at a work event in Las Vegas, and Mayers allegedly stated in front of other employees, "Taliban, that is why he doesn't drink."

Allegedly, the Plaintiff reported Mayers' comments to Ayodele Shell ("Shell"), a member of the Defendant's Human Resources Department.  During these conversations, Shell apparently told the Plaintiff that she would investigate these incidents and report back to him.  However, she never reported back to the Plaintiff.  The complaint further alleges, upon

information and belief, that the Defendant never took disciplinary action against Mayers for making these comments to the Plaintiff.

On December 18, 2012, the Defendant terminated the Plaintiff's employment.

## B. As to the Procedural History

Although not clear from the face of the complaint, it appears undisputed that the Plaintiff filed a charge of discrimination against the Defendant with the United States Equal Employment Opportunity Commission ("EEOC") on September 10, 2015.  (See Mehnert's Feb. 12, 2016 Decl., Ex. G; see also Perez's Mar. 18, 2016 Aff. at ¶¶ 9.)

On September 11, 2015, the following day, the EEOC, at the request of the Plaintiff, dismissed the charge against the Defendant and issued to him a right to sue letter.  (See Compl., Ex. 3.)

On October 19, 2015, the Plaintiff commenced this action by filing a complaint against the Defendant.  The complaint asserts two claims against the Defendant under Title VII for discrimination on the basis of his religion and for the creation of a hostile work environment. Although there is a reference to the New York State Human Rights Law ("NYSHRL") in the first paragraph of the complaint, the Plaintiff does not appear to assert separate discrimination claims under the NYSHRL.

On February 12, 2016, the Defendant moved to dismiss the Plaintiff's Title VII claims as time-barred.  (See the Def.'s Mem. of Law at 2–3.)

On March 18, 2016, the Plaintiff filed a memorandum in opposition to the Defendant's motion.  In it, the Plaintiff did not dispute that his claims fall outside the Title VII limitations period.  (See the Pl.'s Mem. of Law at 2–4.)  However, he argued that the Title VII limitations period should be equitably tolled because he was allegedly misled by an EEOC investigator that

3

he had three-years within which to file a charge with the EEOC.  (See id. at 4–6.)  In support of this contention, the Plaintiff offers an affidavit in which he states that in November 2012, the Plaintiff contacted the EEOC about filing a discrimination charge against the Defendant.  (See the Pl.'s Mar. 18, 2016 Aff. at ¶ 5.)   Following the phone conversation, at some unspecified point in November 2012, the Plaintiff states that he went to the EEOC's office in Manhattan where he met with an unidentified individual at the EEOC who allegedly informed the Plaintiff that he had three years to file a discrimination charge against the Defendants with the EEOC. (Id. at ¶ 6.)

According to his affidavit, following this alleged meeting at the EEOC, the Plaintiff was confined to his bed from 2013 to 2016 because of surgeries to his shoulder, spinal cord, ankle, and knees.  (Id. at ¶ 7.)  He further proffers that as soon as he recovered from his injuries, he filed a claim with the EEOC.  (Id. at ¶ 9.)

On March 30, 2016, Matthew Mehnert, Esq. ("Mehnert"), counsel for the Defendant, filed a reply declaration in further support of the Defendant's motion to dismiss.  (See Mehnert's Mar. 30, 2016 Reply Decl.)  In his declaration, Mehnert disputes the Plaintiff's contention that he was not able to prosecute his discrimination claims until September 2015 due to his injuries. (See id. at ¶ 4.)  According to Mehnert, that is because on January 16, 2013, the Plaintiff filed a summons in the New York State Supreme Court in which he asserted defamation claims against three of his former co-workers who were then employed by the Defendant.  (Id. at ¶ 6.) According to Mehnert, who represented the defendants in the state court action, the Plaintiff was deposed twice in May and November 2014 and showed no signs of injury.  (Id. at ¶ 22.) Mehnert also cites to portions of the Plaintiff's deposition testimony in which the Plaintiff was asked about his meeting with the EEOC.  (Id. at ¶ 14.)  In his deposition, the Plaintiff made no

reference to a statement made by an EEOC investigator regarding a three-year limitations period. (Id. at ¶¶ 18–19.)  Accordingly, Mehnert asks the Court to disregard the Plaintiff's affidavit and decline to apply the doctrine of equitable tolling to excuse the Plaintiff's failure to file a timely charge with the EEOC.  (See id. at ¶ 4.)

The Court will address the relevant legal standards and the parties' arguments below.

## II. DISCUSSION

### A. The Legal Standards

Under Rule 12(b)(6), a defendant may move to dismiss complaint that "fail[s] to state a claim upon which relief can be granted."  When ruling on such a motion, the court "'accept[s] all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" LaFaro v. New York Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009) (quoting Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003)).

However, to survive a 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted).

In considering a motion to dismiss, a court is generally "limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citing Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002)).  "[W]here matter outside the pleadings is offered and not excluded by the trial

court, the motion to dismiss should be converted to a motion for summary judgment." Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 202 (2d Cir. 2013) (citing Fed. R. Civ. P. 12(d)).

In that regard, pursuant to Rule 12(d), "[w]hen a district court converts a motion to dismiss into one for summary judgment, '[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'" Sahu v. Union Carbide Corp., 548 F.3d 59, 67 (2d Cir. 2008) (quoting Fed. R. Civ. P. 12(d)). "Ordinarily, this means that a district court 'must give notice to the parties before converting a motion to dismiss pursuant to Rule 12(b)(6) into one for summary judgment and considering matters outside the pleading.'" Id. (quoting Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999)). However, the notice requirement is "governed by principles of substance rather than form." In re G. & A. Books, Inc., 770 F.2d 288, 295 (2d Cir. 1985). "The essential inquiry is whether the appellant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." Id.

Here, the Plaintiff raised the issue of equitable tolling for the first time in opposition to the Defendant's motion to dismiss, and in support offers his own affidavit, alleging that in November 2012, he obtained improper legal advice from an investigator at the EEOC. There are no allegations in the complaint, nor exhibits attached to the complaint, regarding a supposed November 2012 meeting between the Plaintiff and an EEOC investigator. Thus, this affidavit would be improper to consider in deciding the Defendant's Rule 12(b)(6) motion to dismiss unless the Court converts the Defendant's motion into one for a summary judgment pursuant to Rule 12(d). See Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 156 (2d

6

Cir. 2006) ("The district court committed reversible error when, in ruling that the complaint

failed to state a claim for which relief could be granted, it considered matters outside plaintiff's

complaint."); Friedl v. City of New York, 210 F.3d 79, 83–84 (2d Cir. 2000) ("[A] district court

errs when it 'consider[s] affidavits and exhibits submitted by' defendants, . . . or relies on factual

allegations contained in legal briefs or memoranda, . . . in ruling on a 12(b)(6) motion to

dismiss.") (internal quotation marks and citations omitted).

      In reply, the Defendant offered a declaration by his counsel as well as portions of the

Plaintiff's deposition testimony in a separate defamation case in New York State Supreme Court,

Suffolk County.  Thus, the Defendant has had a reasonable opportunity to — and has indeed

taken advantage of the opportunity to — submit facts outside the pleadings to dispute the

Plaintiff's affidavit in opposition to its motion to dismiss.

      Under similar circumstances, many courts have converted Rule 12(b)(6) motions into

Rule 56 summary judgment motions for the purpose of deciding equitable tolling issues.  See,

e.g., Martin v. Ashcroft, No. 01-6048, 2001 WL 1412802, at *1 (2d Cir. Nov. 8, 2001) (finding

no error in the district court's decision to convert a Rule 12(b)(6) motion into a Rule 56 summary

judgment motion in deciding an equitable tolling issue because the plaintiff "was represented by

counsel and 'should reasonably have recognized the possibility that the motion might be

converted into one for summary judgment.'"); Morris v. Lowe's Home Centers, Inc., No. 1:10-

CV-388, 2011 WL 2417046, at *3 (M.D.N.C. June 13, 2011) (converting a motion to dismiss

into a motion for summary judgment where a plaintiff raised the issue of equitable tolling and

submitted an affidavit and other documents not referenced in the complaint in opposition to the

defendant's motion to dismiss); Webster v. Potter, 746 F. Supp. 2d 635, 638–39 (S.D.N.Y. 2010)

("Given these circumstances, the Court will treat the USPS's motion as one for summary

judgment because the USPS explicitly raised the issue of equitable tolling in its moving papers, Webster was informed of his obligation to submit evidence in response to the USPS's motion, and Webster in fact submitted an affirmation in response that addressed the equitable tolling issue."); Green v. Potter, 687 F. Supp. 2d 502, 517 (D.N.J. 2009) ("Because the equitable tolling analysis goes beyond the face of the pleadings, the Court must treat 'the issue of equitable tolling in a manner consistent with Rule 56 for summary judgment.'") (quoting Campbell v. Potter, No. 01–CV–4517, 2005 WL 2660380, at *3 (E.D. Pa. Oct. 17, 2005)).

Likewise in this case, both parties are represented by counsel and should reasonably have recognized the possibility that in raising the equitable tolling issue and submitting documents outside the pleadings in support of their positions, the Court might convert the Defendant's motion to dismiss into one for summary judgment.

Further, both parties urge the Court to consider documents outside the pleadings in deciding the equitable tolling issue.  Also, the Plaintiff concedes in his opposition memorandum that the EEOC has lost his charge file, and therefore, he "is unable to provide supporting documentation other than his own affidavit" to substantiate his equitable tolling argument.  (See the Pl.'s Opp'n Mem. of Law at 4–5.)  Thus, it is unclear what, if any, additional information could be obtained through additional discovery on this issue.

Accordingly, under these circumstances, the Court exercises its authority under Rule 12(d) to convert the Plaintiff's Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment.  See Sahu, 548 F.3d at 67 ("We have held that '[a] party cannot complain of lack of a reasonable opportunity to present all material relevant to a motion for summary judgment when both parties have filed exhibits, affidavits, counter-affidavits, depositions, etc. in support of and in opposition to a motion to dismiss.'") (quoting G. & A. Books, 770 F.2d at

295); Sira v. Morton, 380 F.3d 57, 68 (2d Cir. 2004) ("By attaching to their motion extensive materials that were not included in the pleadings, defendants plainly should have been aware of the likelihood of such a conversion. . . . . Under such circumstances, they cannot complain that they were deprived of an adequate opportunity to provide the materials they deemed necessary to support their motion.").

Rule. 56(a) provides that a court may grant summary judgment when the "movant shows there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law."  "A genuine issue of fact means that 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

"Where the moving party demonstrates 'the absence of a genuine issue of material fact,' Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

"The evidence of the party opposing summary judgment is 'to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Wright, 554 F.3d at 266 (parenthetically quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).  However, to defeat a motion for summary judgment, the opposing party "'may not rely on conclusory allegations or unsubstantiated speculation.'"  F.D.I.C. v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010) (quoting Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998)).  "Where it is clear

that no rational finder of fact 'could find in favor of the nonmoving party because the evidence to support its case is so slight,' summary judgment should be granted."  Id. (quoting Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994)).

## B. As to the Timeliness of the Plaintiff's Title VII Claims

Title VII requires an aggrieved employee to file a charge of discrimination with the EEOC within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).  However, if he or she initially institutes the proceeding in a State or local agency, then a "charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier."  Id.; see also Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 325 (2d Cir. 1999) ("[Title VII] requires a claimant to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act, unless the 'person aggrieved has initially instituted proceedings with a State . . . agency with authority to grant or seek relief from such practice,' in which case the claimant has 300 days to file his charge with the EEOC.") (quoting 42 U.S.C. § 2000e-5(e)(1)).  "Pursuant to a longstanding Work Sharing Agreement between the EEOC and the New York State Division of Human Rights, however, a claim initially filed with the EEOC is 'deemed filed 'initially' with the state agency' and accordingly a complaint filed within 300 days of the unlawful employment practice with the EEOC is timely." Anderson v. Davis Polk & Wardwell LLP, 850 F. Supp. 2d 392, 405 (S.D.N.Y. 2012) (quoting Francis v. Blaikie Group, 372 F.Supp.2d 741, 746 n. 7 (S.D.N.Y. 2005)); accord Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 112 (2d Cir. 2008).

Therefore, under Title VII, the Plaintiff had 300 days after the alleged unlawful employment practice occurred to file a charge of discrimination with the EEOC or the New York State Division of Human Rights.  The Plaintiff's Title VII national origin discrimination and hostile work environment claims are based solely on allegations that he suffered an adverse employment action when the Defendant terminated him on December 18, 2012.  Thus, under Title VII, he had until October 14, 2013, 300 days after the date of his termination, to file a charge of discrimination arising from his termination with the EEOC or the New York State Division of Human Rights.  However, the Plaintiff did not file such a charge with the EEOC until September 10, 2015, almost two years after the 300-day limitations period expired.  Thus, the Plaintiff's Title VII claims are clearly time-barred.

The Plaintiff does not dispute that he did not properly exhaust his Title VII claims within the 300-day limitations period.  However, he contends that the 300-day requirement should be equitably tolled because in November 2012, he was allegedly misled by an unidentified EEOC investigator that the statute of limitations was three years, instead of 300-days.  (See the Pl.'s Mem. of Law at 4–5.)  In support, he relies solely on statements in his own affidavit.  (See id.)

For its part, the Defendant offers a reply declaration by Mehnert, his counsel, and deposition testimony by the Plaintiff in the state court proceeding against the Defendant's employees.  (See Mehnert's Mar. 30, 2016 Reply Decl.)  Mehnert contends that the Plaintiff's prior testimony is inconsistent with the statements in his affidavit suggesting he relied on incorrect legal advice from an EEOC administrator.  (See id. at ¶ 4.)  The Court agrees for different reasons.

 "The timeliness requirement of Title VII 'is analogous to a statute of limitations.'" McPherson v. New York City Dep't of Educ., 457 F.3d 211, 214 (2d Cir. 2006) (quoting Van

Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996)).  As such, the requirement

is not absolute and is "considered subject to waiver, estoppel, and equitable tolling."  Briones v.

Runyon, 101 F.3d 287, 290 (2d Cir. 1996) (citation omitted).  That said, "equitable tolling is only

appropriate in rare and exceptional circumstances, in which a party is prevented in some

extraordinary way from exercising his rights."  Zerilli-Edelglass v. New York City Transit Auth.,

333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks and citations omitted).  "The burden of

demonstrating the appropriateness of equitable tolling, . . . lies with the plaintiff,"  Boos v.

Runyon, 201 F.3d 178, 185 (2d Cir. 2000), and it is not an easy burden to meet.  See Wen Liu v.

Mount Sinai Sch. of Med., No. 09 CIV. 9663 (RJS), 2012 WL 4561003, at *4 (S.D.N.Y. Sept.

24, 2012) ("It is not easy for a plaintiff to establish entitlement to an equitable toll.").

       To be entitled to equitable tolling, the plaintiff must show "'(1) that he has been pursuing

his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

prevented timely filing."  Lawrence v. Florida, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085, 166 L.

Ed. 2d 924 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161

L. Ed. 2d 669 (2005)); accord Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008).

       As to the first factor, the Plaintiff waited three years from the date of his alleged meeting

with the EEOC investigator to file an EEOC charge.  Such a prolonged period would suggest a

clear lack of diligence on the part of the Plaintiff in pursuing his case.  In his affidavit, the

Plaintiff attempts to excuse his lack of diligence by contending that various surgeries prevented

him from actively prosecuting his case, a claim that the Defendant contests.

       However, even assuming *arguendo* that the Plaintiff was diligently pursuing his rights

under Title VII, the Court finds that he has failed to demonstrate the "extraordinary

circumstances" required for equitable tolling for two reasons.

First, many district courts in this Circuit have found that a non-employer's misleading conduct, such as a staff member at the EEOC, is insufficient to warrant equitable tolling.  See Edner v. NYCTA-MTA, 134 F. Supp. 3d 657, 665 (E.D.N.Y. 2015) ("Some district courts in this circuit have found a non-defendant's misleading conduct insufficient to warrant equitable tolling.") (collecting cases); Dipetto v. Donahoe, No. 08-CV-4927 JS ARL, 2014 WL 2744544, at *4 (E.D.N.Y. June 16, 2014) ("Misinformation by an EEO counselor, as alleged by Plaintiff, is insufficient to warrant equitable tolling."); Brown v. JPMorgan Chase Bank, N.A., No. 12-CV-544 RRM LB, 2013 WL 4009795, at *5 (E.D.N.Y. Aug. 5, 2013) ("Nonetheless, even if the attorney's communication or statements misled plaintiff, 'there is no legal support for the argument that false representations by anyone other than defendant will result in equitable tolling.'") (quoting Richardson v. Suffolk Bus Corp., No. 09–CV–3586(JFB), 2010 WL 2606266, at *6 (E.D.N.Y. June 22, 2010)); Miller v. Potter, No. 07-CV-1767 (JFB) (ETB), 2007 WL 4615611, at *4 (E.D.N.Y. Nov. 29, 2007) ("In any event, even assuming he erroneously relied on statements by union representatives, there is no basis for equitable tolling because there is no allegation that his employer actively misled him in any way.") (collecting cases); Williams v. Potter, No. 06 CIV. 8258 (LAP), 2007 WL 2375818, at *5 (S.D.N.Y. Aug. 14, 2007) ("As a matter of law, receiving bad advice from a third party is insufficient for equitable tolling of the 45-day requirement. Plaintiff's assertion that he received 'misguided advi[c]e by a shop steward to not answer supervisor's questions at PDI interview' does not address, and does not excuse, Plaintiff's failure to file an EEO Complaint within the 45-day time limit.").

However, the Second Circuit does not appear to have directly endorsed this approach. Further, as the Plaintiff correctly notes, some courts have applied equitable tolling in circumstances where plaintiffs were misled by the EEOC or court-personnel.  See Wen Liu, 2012

13

WL 4561003, at *6 ("Plaintiff's allegations that a clerk in the Court's *Pro Se* Office incorrectly advised her of the filing deadline may, if true, be a basis for equitably tolling the limitations period.); <u>O'Connor v. Pan Am</u>, No. 88 CIV. 5962 (KTD), 1990 WL 118286, at *2 (S.D.N.Y. May 4, 1990) ("Equitable modification is appropriate when the EEOC misleads a complainant about the nature of his or her rights under Title VII or the ADEA.").

Nevertheless, the Court is inclined to adopt the view of the apparent majority of district courts discussed above, which have held that misinformation provided by an EEOC investigator does not provide a sufficient reason to excuse an employee's failure to comply with the Title VII 300-day limitations period under the doctrine of equitable tolling.  As that is the only reason offered by the Plaintiff for not complying with the Title VII timeliness requirement, the Court finds the Plaintiff's Title VII claims to be time-barred.

Second, even assuming *arguendo* that information provided by an EEOC official could justify the application equitable tolling, the Plaintiff's affidavit is far too vague to invoke equitable tolling in this case.  For example, in the cases cited by the Plaintiff, the plaintiffs have offered evidence in the form of a letter from an EEOC official or specific details about his or her contacts with the EEOC which were misleading.  <u>See, e.g.</u>, <u>DeMatteis v. Eastman Kodak Co.</u>, 520 F.2d 409, 410 (2d Cir. 1975) (finding equitable tolling doctrine applicable where the Commissioner of the EEOC admitted that the EEOC sent the plaintiff an erroneous right to sue letter); <u>O'Connor v. Pan Am</u>, No. 88 CIV. 5962 (KTD), 1990 WL 118286, at *2 (S.D.N.Y. May 4, 1990) (applying equitable tolling based on a plaintiff's sworn statement that she met with an "equal opportunity specialist" who mistakenly told her that her claims were timely; then helped her prepare a draft complaint and charge; and subsequently mailed a corrected charge to an

incorrect address, causing the plaintiff to receive the corrections after the 300-day deadline had lapsed).

Here, by contrast, the Plaintiff provides no evidence other than his own affidavit regarding his supposed meeting with an EEOC investigator. Also, the Plaintiff's affidavit does not provide any details regarding the meeting. For example, he does not state who he spoke to within the EEOC's Manhattan office; what his or her title was; or any details regarding their conversation. Rather, he merely states, "In or about November of 2012, I went to the EEOC office in Manhattan to discuss my potential discrimination claim. The individual with whom I spoke affirmatively informed me after our conversation that I had three years to file my claim with the EEOC." (The Pl.'s Mar. 18, 2016 Aff. at ¶ 6.)

The Court finds that this statement is too brief, vague, and unsupported to constitute the kind of "extraordinary circumstances" that warrant the application of equitable tolling. See, e.g., Lomako v. New York Inst. of Tech., 440 F. App'x 1, 3 (2d Cir. 2011) (Summary Order) ("Lomako's assertion that his union and the defendants intentionally misled him for the purpose of preventing him from filing a complaint with the DHR or EEOC is vague and conclusory and does not suggest a plausible basis for equitable tolling.")

In sum, the Court finds that equitable tolling does not excuse the Plaintiff's failure to file a charge with the EEOC or the NYSDHR within the 300-day limitations period and therefore, his Title VII claims are time-barred.

### III. CONCLUSION

For the foregoing reasons, the Court converts the Defendant's motion to dismiss into a motion for summary judgment, and grants the Defendant's converted summary judgment motion

to dismiss the complaint in its entirety.  The Clerk of the Court is directed to enter judgment for

the Defendant and to close this case.


**SO ORDERED.**
Dated:  Central Islip, New York
September 9, 2016


                                    _/s/ Arthur D. Spatt_
                                    ARTHUR D. SPATT
                                United States District Judge